**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| **KRCM Astoria Portfolio Corp.,** | : | Case No. 25-44859 (ESS) |
| **Debtor.**[1] | : | |

**DECLARATION OF MATT TRENT IN SUPPORT OF MOTION TO DESIGNATE DEBTOR A SINGLE ASSET REAL ESTATE DEBTOR PURSUANT TO 11 U.S.C. § 101(51B)**[2]

Matt Trent, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

I am above the age of twenty-one, am competent to testify in a court of law, and reside in Frisco, Texas. I respectfully submit this Declaration in support of Federal National Mortgage Association's ("Fannie Mae") *Motion to Designate Debtor a Single Asset Real Estate Debtor Pursuant to 11 U.S.C. § 101(51B)* (the "Motion").

I am a Senior Asset Manager in the Special Asset Management department at Fannie Mae, the holder of the mortgage loan to the Debtor described at length herein. My principal place of business is located at 5600 Granite Parkway, Plano, Texas 75024. As a Senior Asset Manager at Fannie Mae, I have responsibility for the loan at issue in this action, which is owned by Fannie Mae and which is secured by a mortgage on the real properties and improvements located at 23-05 30th Avenue Astoria, NY 11102; 23-15 30th Avenue, Astoria, NY 11102; and 21-80 38th Street, Astoria, NY 11105 (collectively, the "Property"). I have control over or access to the Fannie Mae records relating to these loans.

[1] The last four digits of the Debtor's tax identification numbers are 3632, and the location of the Debtor's business is 21-80 38th Street, Astoria, NY 11105.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Memorandum of Law in support of the Motion.

The statements contained herein are based upon my own personal knowledge derived from my direct experience with the matters referred to herein or from information maintained by Fannie Mae, and if called as a witness I could and would testify to them.

**The Project**

1. The Debtor owns real property located at 23-05 30th Avenue, Astoria, NY 11102 ("Block 548, Lot 1"); 23-15 30th Avenue, Astoria, NY 11102 ("Block 548, Lot 5"); and 21-80 38th Street, Astoria, NY 11105 ("Block 808, Lot 63") respectively (collectively, the "Property"). All three buildings comprising the Property are multi-family residential apartment buildings.

2. On or about February 27, 2025, Fannie Mae, acting through counsel, obtained title reports for each of the three parcels that comprise the Property. True and correct copies of the title reports are attached hereto as **Exhibit 1**.

3. The Debtor owns the Property in fee simple.[3]

**The Mortgage History**

4. Prior to 2015, Block 548, Lot 1 and Block 548, Lot 5 were secured by a single mortgage loan in the principal amount of $11,900,000.00. Block 808, Lot 63 was secured by a mortgage loan in the principal amount of $7,250,000.00.[4]

5. On January 8, 2015, the previous owners of the Property (Cadre Astoria 23-05 30th LLC, Astoria 23-05 30th LLC, Cadre Astoria 23-15 30th LLC, Astoria 23-15 30th LLC, Cadre Astoria 21-80 38th LLC, and Astoria 21-80 38th LLC (collectively, the "Previous Owners")) (i) entered into a gap mortgage with Bank United, N.A. secured by all three parcels in the principal amount of $16,700,000.00 and (ii) consolidated each of the existing mortgages and the gap

[3] *See* Ex. 1, at 6, 114, 231.
[4] *See* Ex. 1, at 12, 120, 237.

mortgage together into a single, consolidated mortgage loan held by Bank United, N.A. ("Bank United") and secured by all three parcels.[5]

6. This consolidated mortgage loan was evidenced by a Consolidation and Extension Agreement with Bank United in the original principal amount of $35,850,000.00.[6]

7. On or about April 4, 2017, the Debtor purchased the Property from the Previous Owners.[7]

8. To finance its acquisition of the Property, the Debtor executed a Consolidated, Amended and Restated Multifamily Note for the benefit of Greystone Servicing Corporation, Inc. ("Greystone"), the original lender under the note, in the principal amount of $34,700,000.00 (the "Note"), and Bank United assigned the consolidated mortgage to Greystone. A true and correct copy of the Note is attached hereto as **Exhibit 2**.

9. The same day, to secure its obligations to Greystone pursuant to the Note against the Property, the Debtor executed and delivered to Greystone a Multifamily Loan and Security Agreement (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit 3**.

10. The Debtor also executed an Extension and Modification Agreement (the "EMA") extending and modifying the existing consolidated mortgage. Pursuant to the EMA, the Debtor and Greystone entered into a Multifamily Mortgage, Assignment of Leases and Rent, Security Agreement and Fixture Filing (the "Mortgage Agreement") for the Property, which was attached to the EMA as Exhibit C. A true and correct copy of the Mortgage Agreement is attached hereto as **Exhibit 4**.

[5] *See id.*
[6] *See id.*
[7] *See id.*

11. On or about April 4, 2017, Greystone assigned the Mortgage and Note to Fannie Mae via an Assignment of Security Instrument (the "Mortgage Assignment"). A true and correct copy of the Mortgage Assignment is attached hereto as **Exhibit 5**.

12. The same day, Greystone executed an Assignment of Collateral Agreements and Other Loan Documents to Fannie Mae, thereby assigning all other agreements executed in connection with Mortgage Agreement to Fannie Mae including the Security Agreement and guaranty of payment by the principal of the Debtor (the "Collateral Agreements Assignment"). A true and correct copy of the Collateral Agreements Assignment is attached hereto as **Exhibit 6**.

13. Thereafter, on April 5, 2017, the deeds to the Property were transferred from the Previous Owners to the Debtor.[8]

**The Debtor's Management and Operation of the Property**

14. In the course of operating the Property, the Debtor has provided Fannie Mae quarterly and annual operating statements showing the income and expenses of the Property (the "Operating Statements"). In each of the Operating Statements, the Debtor reported the income and expenses of the Property on a consolidated basis without regard to individual parcels. True and correct copies of illustrative Operating Statements for January through December of 2021, January through June of 2023, January through December of 2023, and January through June of 2024 are attached hereto as **Exhibit 7**.

15. Additionally, for the six-month period from March through August 2025, the Debtor turned over to Fannie Mae all net operating income produced by the Property, together with a certified operating statement (the "Certified Operating Statements") for such month. All such Certified Operating Statements reported financial performance of the Property on a consolidated

[8] *See* Ex. 1, at 6, 114, 231.

basis without regard to individual parcels. True and correct copies of the Certified Operating Statements are attached hereto as **Exhibit 8**.

16. The Debtor has also provided Fannie Mae with consolidated rent rolls (the "Rent Rolls") for the Property that aggregate the rent collected on each of the three parcels into a total combined rent for the Property. True and correct copies of illustrative Rent Rolls for the months of July 2023, December 2023, July 2024, and September 2025 are attached hereto as **Exhibit 9**.

**The Defaults**

17. The Debtor defaulted on the Loan Documents by, inter alia, failing to pay the amounts due under Loan Documents beginning with the payment due from April 1, 2020, to May 31, 2022. During this period, Greystone Servicing Corporation, Inc., in its capacity as loan servicer (the "Servicer"), acting on behalf of Fannie Mae, and the Debtor entered into seven separate forbearance agreements (the "Forbearance Agreements"). True and correct copies of the Forbearance Agreements are attached hereto as **Exhibit 10**.

18. Under the Forbearance Agreements, Fannie Mae agreed to refrain from exercising its rights and remedies under the Loan Documents in exchange for the Debtor's acknowledgment of its default, waiver of claims and defenses, and acceptance of specific conditions set forth in the agreements. The Forbearance Agreements each expressly provided they did not modify the Maturity Date of the Loan.

19. On May 1, 2024, the Maturity Date, the Debtor failed to pay all amounts due and owing under the Loan Documents, including the principal sum, all accrued but unpaid interest, and the outstanding monthly payments due pursuant to the Forbearance Agreements, as required under the Loan Documents, constituting an Event of Default under the Loan Documents.

20. Fannie Mae subsequently agreed to forbear from exercising its rights and remedies under the Loan Documents for a period of nine months to give the Debtor an opportunity to refinance the mortgage debt. The Debtor failed to do so.

21. As of the Petition Date, Fannie Mae is owed $34,560,661.12. A true and correct copy of the payoff statement through the Petition Date is attached hereto as **Exhibit 11**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2025.