UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

KRCM ASTORIA PORTFOLIO CORP.,

Debtor.
-----------------------------------------------------x

Chapter 11

Case No: 25-44859 (ESS)

**ORDER AUTHORIZING DEBTOR TO RETAIN IAN LAGOWITZ AS CHIEF RESTRUCTURING OFFICER AND TRIGILD IVL, LLC AS PROPERTY MANAGER**

Upon the application (the "Application") of KRCM Astoria Portfolio Corp. (the "Debtor"), pursuant to Section 363(b) of title 11 of the U.S. Code (the "Bankruptcy Code"), and consistent with the Jay Alix Protocol, authorizing the Debtor to retain Ian Lagowitz ("Mr. Lagowitz") as the chief restructuring officer (the "CRO") and Trigild IVL, LLC ("Trigild") as property manager, the responsible parties for the Debtor and responsible party; and upon the Declaration of Ian Lagowitz, which is annexed to the Application (the "Declaration"); and this Court having determined that the retention of Ian Lagowitz as CRO is in the best interests of the Debtor and the Debtor's estate; and adequate notice of the Application having been given; it is hereby ORDERED that:

~~1. The Application is GRANTED as modified herein.~~

2. The Debtor is hereby authorized to employ Mr. Lagowitz as CRO and Trigild as property manager as the responsible parties on the terms and conditions set forth in the Engagement Letter[1] attached to the Application as Exhibit "A" effective *nunc pro tunc* to the date of execution of the Engagement Letter, April 9, 2026. Mr. Lagowitz shall receive compensation consistent with the Engagement Letter at an hourly rate with a monthly minimum, subject to the following terms, which apply notwithstanding anything in the Application or any exhibits related thereto to the contrary:

[1] Capitalized terms referenced herein not otherwise defined shall have the meaning ascribed in the Application.

a. Trigild and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

b. In the event the Debtor seeks to have Trigild personnel assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c. Trigild shall file with the Court, with copies to the United States Trustee ("U.S. Trustee"), a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled by the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

d. No principal, employee or independent contractor of Trigild or its affiliates shall serve as a director of any of the above-captioned Debtor during the pendency of the above-captioned cases.

e. Trigild shall file with the Court and provide notice to the U.S. Trustee reports of compensation earned and expenses incurred on a monthly basis, beginning with the month this order is entered. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project

category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

f. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

g. The Debtor is permitted to indemnify the CRO on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy. However, the CRO may not be indemnified for conduct constituting gross mismanagement, willful misconduct, criminal conduct, or fraud. Requests for counsel fees related to any indemnification of either Mr. Lagowitz or Trigild must be brought before the Court by motion, upon notice and a hearing, and accompanied by time records.

h. For a period of three years after the conclusion of the engagement, neither Trigild nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor.

i. Trigild shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

j. Employment of Mr. Lagowitz cannot be terminated without approval of the Court.

3. To the extent the Application, Declaration or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern; and

4. Notwithstanding any provision to the contrary in the Engagement Letter, the Court may retain jurisdiction to hear and to determine all matters relating to Mr. Lagowitz's retention as CRO and Trigild's retention as property manager.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:*/s/ Nazar Khodorovsky, Esq.*____
Dated: New York, New York
May 20, 2026

**Dated: Brooklyn, New York**
**May 27, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge