TRIGILD IVL

**Index No. 718435/2026**

**KRCM REALTY COMPANY, INC. et al.**

**197th Street**

**88-02/88-20 197th Street AKA**
**196-30 Hillside Avenue AKA**
**88-08 197th Street**
**Hollis, New York 11423**



# TAKEOVER RECEIVER REPORT

*For the period*
**June 30, 2026 *through* July 31, 2026**

# TABLE OF CONTENTS

OVERVIEW OF PROPERTY

COURT ORDER

RECEIVER'S BOND

OPERATIONAL UPDATE AND FINANCIALS

RECEIVER

KRCM REALTY COMPANY, INC. [BORROWER]

ESTATE REALTY MANAGEMENT

## OVERVIEW OF PROPERTY

On June 30, 2026, the Supreme Court of the State of New York, County of Queens ("Court") entered that certain Ex Parte Order Appointing a Temporary Receiver for Mortgaged Commercial Property ("Appointment Order") appointing Ian Lagowitz of Trigild IVL Group, LLC ("Receiver") as receiver over the specific assets of KRCM Realty Company, Inc.; Rajmattie Persaud; Department of Housing Preservation and Development of the City of New York; Approved Oil Co.; Energo Power Gas LLC; Environmental Control Board of the City of New York; New York State Department of Taxation and Finance; New York City Department of Finance; and "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to Plaintiff, the persons or parties, if any, having or claiming an interest in or lien upon the premises described in the complaint (the "Receivership Estate"). The Receivership Estate includes the property addressed at 88-02/88-20 197th Street AKA; 196-30 Hillside Avenue AKA; 88-08 197th Street, Hollis, New York 11423 (the "Property").

The Property consists of 1 multi-family building with a total of 32 units totaling 34,100 SF.

The Receiver engaged Estate Realty Management to manage the Property on July 22, 2026.

***This Space Intentionally Left Blank***

**EX PARTE ORDER APPOINTING A TEMPORARY RECEIVER FOR MORTGAGED COMMERCIAL PROPERTY [DATED 06/30/2026]**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

SIG RCRS A/B MF 2023 VENTURE LLC,

Plaintiff,

-against-

KRCM REALTY COMPANY, INC.; RAJMATTIE PERSAUD; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK; APPROVED OIL CO.; ENERGO POWER GAS LLC; ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE; and "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to Plaintiff, the persons or parties, if any, having or claiming an interest in or lien upon the premises described in the Complaint,

Defendants.

Index No. 718435/2026

Motion Sequence No. 1

**NOTICE OF ENTRY**

Assigned Judge:
Hon. Karina E. Alomar

PLEASE TAKE NOTICE that annexed hereto is a true and correct copy of an Order on Motion dated June 29, 2026, in this matter that was entered in the office of the Clerk of the Supreme Court, Queens County on June 30, 2026.

Dated: New York, New York
June 30, 2026

**REED SMITH LLP**

By: _/s/ Victoria R. Serigano_
Victoria R. Serigano
David A. Pisciotta
599 Lexington Avenue New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
*Attorneys for Plaintiff*

Sequence #1

At the IAS Part 23 of the Supreme Court of the State of New York, held in and for the County of Queens located at 25-10 Court Sq, LIC, New York 11101 on the 29 day of June 2026.

Present: Hon. Hon. Karina E. Alomar
Justice

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

SIG RCRS A/B MF 2023 VENTURE LLC,

Plaintiff,

-against-

KRCM REALTY COMPANY, INC., RAJMATTIE PERSAUD, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, APPROVED OIL CO., ENERGO POWER GAS LLC, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, and "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to Plaintiff, the persons or parties, if any, having or claiming an interest in or lien upon the premises, described in the Complaint,

Defendants.

Index No. 718435/2026

Motion Sequence No. 1

***EX PARTE***
**ORDER APPOINTING A TEMPORARY RECEIVER FOR MORTGAGED COMMERCIAL PROPERTY**

**Mortgaged Premises:**
88-02/88-20 197th Street AKA
196-30 Hillside Avenue AKA
88-08 197th Street
Hollis, New York 11423

Section: 46; Block: 10471; Lot: 13

UPON reading the Affirmation of Marko Matic dated June 17, 2026, the exhibits annexed therein, the Affirmation of Victoria R. Serigano dated June 25, 2026, the exhibits annexed therein, the Memorandum of Law dated June 25, 2026, the Complaint dated June 18, 2026, the exhibits annexed therein, and upon all prior proceedings had herein,

FILED
6/30/2026 T.B.
COUNTY CLERK
QUEENS COUNTY

**NOW**, on motion of Reed Smith LLP, counsel for plaintiff SIG RCRS A/B MF 2023 Venture LLC ("**Plaintiff**"), for an Order appointing a temporary receiver in a commercial foreclosure action, it is hereby

**ORDERED**, that:

Ian Lagowitz (FID No. 106578)
Trigild IVL Group, LLC
24 Church Street
Montclair, New Jersey 07042
Phone: (858) 242-1230
Email: ian.lagowitz@trigild.com

be and is hereby appointed receiver (the "**Receiver**") of all the Rents, income, issues, charges, subsidies, and profits now due or which may hereafter accrue and/or come due from whatever source derived, during the pendency of this action, and issuing out of the mortgaged premises located at 88-02/88-20 197th Street AKA 196-30 Hillside Avenue AKA 88-08 197th Street, Hollis, New York 11423 (the "**Mortgaged Premises**"); and it is further

**ORDERED**, that the Receiver is authorized to forthwith take charge and enter into possession of the Mortgaged Premises; and it is further

**ORDERED**, that Receiver, that before entering upon the duties of such receivership, is hereby directed to contact Plaintiff's attorney, David A. Pisciotta, Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022 (Tel: 212-704-6000; Email: dpisciotta@reedsmith.com), to ascertain the status of the foreclosure action and whether he should proceed with his duties; and it is further

**ORDERED**, that before entering upon the duties of such receivership, Receiver shall execute to the People of the State of New York and file in the Office of the Clerk of the County of Queens an undertaking in the penal sum of $294,891.42 conditioned for the faithful performance of such Receiver's duties; and it is further

**ORDERED**, that the Receiver be and is hereby directed to demand, collect, and receive from the occupants, tenants, and licensees in possession of said premises, or other persons liable therefor, inclusive of defendants KRCM Realty Company, Inc. and Rajmattie Persaud, as Guarantor,[1] all the Rents and license fees thereof now due and unpaid or hereafter to become fixed or due, and that the Receiver be and is hereby authorized to institute and carry on all legal proceedings necessary for the protection of the Mortgaged Premises or to recover possession of the whole, or any part thereof, and apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupants to attorn to the Receiver; and it is further

**ORDERED**, that the Receiver may institute and prosecute suits for the collection of rent, license fees, and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further

**ORDERED**, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the Mortgaged Premises affected by this action shall turn same over to the Receiver within five (5) days after the Receiver shall have qualified; and thereupon the Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of this Court to be made and entered in this action; and it is further

**ORDERED**, that anybody in possession of same shall turn over to the Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices, and registration statements relating to rental space or facilities in the premises; and it is further

**ORDERED**, that notwithstanding anything to the contrary contained in this order, the Receiver shall not, without the further prior order of this Court and upon prior notice to Plaintiff,

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

make improvements or substantial repairs to the property at a cost in excess of $1,000.00; and it is further

**ORDERED**, that the Receiver shall forthwith deposit all monies received by him at the time he receives same in his own name as Receiver in an interest-bearing checking account or accounts in an FDIC insured bank approved by Plaintiff (the "**Account**"), which Account shall show the name of this action, and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver and countersigned by the surety on his undertaking; the Receiver shall furnish the Plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said depository; and it is further

**ORDERED**, that the Receiver, after paying the necessary expenses of the management and care of the Mortgaged Premises and accrued interest under the Loan Documents as provided in this Order, shall turn over the balance of the money which may come into his hands to Plaintiff, which shall apply such funds in accordance with the Loan Documents; and it is further

**ORDERED**, that the Receiver be and is authorized from time to time to rent or lease any part of the premises for terms not exceeding one (1) year or such longer terms as may be required by the City and State of New York; to keep said premises insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all the lawful requirements of any municipal department or other authority of the municipality in which the Mortgaged Premises is situated; and to procure such fire, plate glass, liability, and other insurance as may be reasonably necessary; and it is further

**ORDERED**, that the tenants, licensees, or other persons in possession of said premises attorn to the Receiver and pay over to the Receiver all Rents, license fees, and other charges of

such premises now due and unpaid or that may hereafter become due; and that the Defendants be enjoined and restrained from collecting the Rents, license fees, and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing, or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees, and licensees of the premises and other persons liable for the Rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the Defendants, their agents, servants, or attorneys; and it is further

**ORDERED**, that the Receiver is prohibited from incurring obligations in excess of the monies in his hands without further Order of this Court or written consent of the Plaintiff's attorney; and it is further

**ORDERED**, that the Borrower, as the record owner of the Mortgaged Premises, turn over to the Receiver all Rents collected from and after the date of this Order; and it is further

**ORDERED**, that all persons now or hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to the Receiver, subject to emergency laws, if any; and it is further

**ORDERED**, that the Receiver after paying the expenses of the management and care of the said premises as above provided shall retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action or until further Order of this Court; and it is further

**ORDERED**, that the Receiver, or any party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable the Receiver to properly fulfill his duties; and it is further

**ORDERED**, that the appointee named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of the RPAPL and Rule 36 of the Chief Judge.

**NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER, OR ACCOUNTANT WITHOUT PRIOR ORDER OF THIS COURT.**

FILED
6/30/2026 T.B.
COUNTY CLERK
QUEENS COUNTY

E N T E R:

J.S.C.
HON. KARINA E. ALOMAR

**RECEIVER'S BOND**

**BOND OF RECEIVER**

**BOND NUMBER:** 108528117
SIG RCRS A/B MF 2023 VENTURE LLC,
Plaintiff,

-against-

KRCM REALTY COMPANY, INC.; RAJMATTIE PERSAUD; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK; APPROVED OIL CO.; ENERGO POWER GAS LLC; ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE; and "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to Plaintiff, the persons or parties, if any, having or claiming an interest in or lien upon the premises described in the Complaint,
Defendants.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No. 718435/2026

KNOW ALL MEN BY THESE PRESENT, THAT WE Ian Lagowitz as Principal, and Travelers Casualty and Surety Company of America, a company licensed to do business the State of New York and having an office and principal place of business at One Tower Square, Hartford, CT 06183 as Surety, are held and firmly bound unto the PEOPLE OF THE STATE OF NEW YORK, in the sum of Two Hundred and Ninety Four Thousand Eight Hundred Ninety One and 42/100 Dollars ($294,891.42), lawful money of the United States of America, to be paid to said people; to which payment well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, successors and assigns, jointly and severally, firmly by these presents, Sealed with our seals.

Dated the 02 day of July, 2026.

WHEREAS, by an order made on the 30th day of June, 2026, by Honorable Karina E. Alomar, the Principal was appointed Receiver with respect to

**88-02/88-20 197th Street AKA 196-30 Hillside Avenue AKA 88-08 197th Street, Hollis, New York 11423**

NOW THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal shall faithfully discharge the Principal's duties as such Receiver, then this obligation shall be void, otherwise to be in full force and effect.

SEALED AND DELIVERED IN THE PRESENCE OF:

Ian Lagowitz
[signature]
Principal

Travelers Casualty and Surety Company of America
By: [signature]
Attorney-in-Fact, Daphne VanEman

STATE OF TEXAS
COUNTY OF ANGELINA } ss.

On this 2nd day of July, 2026, before me personally came Daphne VanEman, known or proven to me to be the individual described in and who executed the foregoing Instrument, and he/she acknowledged to me that he/she executed the same.

[signature]
Heather Carpenter Notary Public

HEATHER CARPENTER
Notary Public
State of Texas
ID # 13354706-3
My Comm. Expires 01-21-2030

S-962-J (09/12)

| TRAVELERS | Travelers Casualty and Surety Company of America<br>Travelers Casualty and Surety Company<br>St. Paul Fire and Marine Insurance Company<br>Farmington Casualty Company |
|---|---|

POWER OF ATTORNEY

Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, and Farmington Casualty Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and the Companies do hereby make, constitute and appoint **Daphne VanEman** of **LUFKIN, TX** their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge the following bond or undertaking, and any riders thereto:

**Surety Bond No.: 108528117** **Principal: Ian Lagowitz**

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **13th** day of **May, 2026.**

SEAL SEAL SEAL SEAL

State of Connecticut

City of Hartford ss.

By: _______________
Bryce Grissom, Senior Vice President

On this the **13th** day of **May, 2026**, before me personally appeared **Bryce Grissom**, who acknowledged himself to be the Senior Vice President, Surety, Bond & Specialty Insurance, of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

My Commission expires the **31st** day of **March, 2031**

NOTARY PUBLIC

_______________
Marie E. Sorensen, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this 02 day of July, 2026.

SEAL SEAL SEAL SEAL

_______________
Kevin E. Hughes, Assistant Secretary

***To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.***
***Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.***

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

HARTFORD, CONNECTICUT 06183

FINANCIAL STATEMENT AS OF DECEMBER 31, 2025

AS FILED IN THE STATE OF NEW YORK

CAPITAL STOCK $ 6,400,000

| ASSETS | | LIABILITIES & SURPLUS | |
|---|---|---|---|
| BONDS | $ 5,600,041,058 | LOSSES | $ 1,735,139,597 |
| STOCKS | 117,961,867 | LOSS ADJUSTMENT EXPENSES | 176,170,609 |
| CASH AND INVESTED CASH | 107,390,165 | COMMISSIONS | 65,061,300 |
| OTHER INVESTED ASSETS | 10,607,862 | OTHER EXPENSES | 72,908,024 |
| SECURITIES LENDING REINVESTED COLLATERAL ASSETS | 12,310,960 | TAXES, LICENSES AND FEES | 16,442,211 |
| INVESTMENT INCOME DUE AND ACCRUED | 51,205,419 | CURRENT FEDERAL AND FOREIGN INCOME TAXES | 7,061,861 |
| PREMIUM BALANCES | 364,090,097 | UNEARNED PREMIUMS | 1,749,238,242 |
| REINSURANCE RECOVERABLE | 50,410,933 | ADVANCE PREMIUM | 4,096,226 |
| NET DEFERRED TAX ASSET | 65,004,609 | POLICYHOLDER DIVIDENDS | 31,470,090 |
| UNDISTRIBUTED PAYMENTS | 14,917,701 | CEDED REINSURANCE NET PREMIUMS PAYABLE | 44,705,710 |
| GUARANTY FUNDS RECEIVABLE OR ON DEPOSIT | 2,299,050 | AMOUNTS WITHHELD / RETAINED BY COMPANY FOR OTHERS | 15,640,946 |
| OTHER ASSETS | 349,353 | REMITTANCES AND ITEMS NOT ALLOCATED | 5,777,183 |
| | | PROVISION FOR REINSURANCE | 12,100,693 |
| | | PAYABLE TO PARENTS, SUBSIDIARIES AND AFFILIATES | 90,391,203 |
| | | PAYABLE FOR SECURITIES LENDING | 12,310,960 |
| | | OTHER ACCRUED EXPENSES AND LIABILITIES | 842,673 |
| | | TOTAL LIABILITIES | $ 4,037,462,608 |
| | | CAPITAL STOCK | $ 6,400,000 |
| | | PAID IN SURPLUS | 433,603,760 |
| | | OTHER SURPLUS | 1,930,606,041 |
| | | TOTAL SURPLUS TO POLICYHOLDERS | $ 2,370,609,801 |
| TOTAL ASSETS | $ 6,408,372,409 | TOTAL LIABILITIES & SURPLUS | $ 6,408,372,409 |

STATE OF CONNECTICUT )

COUNTY OF HARTFORD ) SS.

CITY OF HARTFORD )

PETER GAMER, BEING DULY SWORN, SAYS THAT HE IS VICE PRESIDENT – CORPORATE FINANCE, OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AND THAT TO THE BEST OF HIS KNOWLEDGE AND BELIEF, THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE FINANCIAL CONDITION OF SAID COMPANY AS OF THE 31ST DAY OF DECEMBER, 2025.

VICE PRESIDENT – CORPORATE FINANCE

SUBSCRIBED AND SWORN TO BEFORE ME THIS
16TH DAY OF MARCH, 2026

NOTARY PUBLIC

SUSAN M. WEISSLEDER
*Notary Public*
*My Commission Expires November 30, 2027*

SUSAN M. WEISSLEDER NOTARY PUBLIC CONNECTICUT

# CERTIFICATE OF ACKNOWLEDGMENT

The State of Texas

County of DALLAS

Before me, Ava Stapp, Notary Public (insert the name and character of the officer),

on this day personally appeared Ian Lagowitz, known to me (or proved to me on the oath of ______________ or through personally known (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

(Seal) AVA STAPP
My Notary ID # 135072105
Expires September 3, 2028

Given under my hand and seal of office this 7th day of July, 2026.

Ava Stapp
(Notary's Signature)
Notary Public, State of Texas

# TABLE OF CONTENTS

## RECEIVER

***Receiver setup is in progress***

EXECUTIVE SUMMARY

- CERTIFICATE OF LIABILITY INSURANCE
- EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

RECEIVER ACCOUNT

- BANK STATEMENT
- CASH RECONCILIATION

## EXECUTIVE SUMMARY

**Overview of Transition: Transfer of Documents and Operating Funds**

On July 21, 2026, the Receiver contacted the attorney for the Borrower and provided a Demand Letter outlining the requirements of the Order. In addition to the Demand Letter, Receiver requested contact information for the appropriate person to facilitate the turnover to Receiver, the W-9 for KRM Realty Company Inc, current COI/EOI, current rent roll, tenant contact information, tenant leases, vendor contact information, vendor contracts, utility account information, April and May 2026 financials, June 2026 month to date financials, check register and general ledger for the period 01/01/2025 to 12/31/2025 and YTD 2026, a list of all May 2026 and June 2026 rents collected, security deposit ledger along with confirmation of where the funds were held, current AR report and associated tenant ledgers, current AP ledger and associated invoices, May 2026 bank statements and MTD June activity, status of pending tax appeals and 2025/2026 operating budgets.

Borrower has not provided the requested information to the Receiver.

**Property Insurance**

Receiver has requested updated insurance certificates.

**Property Tour**

The Receiver conducted an initial site inspection on 7/27/2026. Receiver toured and gained access to 88-08 197th Street, Hollis, New York. The property appeared to be fully occupied at the time of the tour.

The Property was built in 1950 and consists of a four-story residential building containing 32 apartment units and 10 garages, totaling approximately 34,100 square feet. The unit mix consists of one- and two-bedroom apartments. During the tour, the common areas and exterior appeared to be in generally good condition but require a thorough cleanup and landscaping. Roof access was gained, and the roof appears to require significant repair/replacement. The fire extinguishers also appeared to require service. Access to the mechanical systems was not available during the tour, and their condition will need to be evaluated during a subsequent inspection.

Management is currently working to gather tenant and rent roll information and is in the process of hiring a new superintendent for the property. There are currently 15 DOB violations, 17 ECB violations, and 62 HPD violations associated with the property.

Property management will continue to review the outstanding violations, roof condition, mechanical systems, deferred maintenance, and life-safety related items and provide updates during the next reporting cycle.

## Site Pictures

Roof









Common Areas








Exterior






Utilities









# TABLE OF CONTENTS

## KRCM REALTY COMPANY, INC. [BORROWER] - FINANCIAL CONTENTS

***No document transfer has been provided by the borrower as of July 31, 2026***

# TABLE OF CONTENTS

## ESTATE REALTY MANAGEMENT - FINANCIAL CONTENTS

***Property setup in progress***

EXECUTIVE SUMMARY

LEASING ACTIVITY

RENT ROLL

UNIT TRANSACTION LISTING

BUDGET COMPARISON [WITH VARIANCE]

BALANCE SHEET

CASH FLOW STATEMENT

12-MONTH INCOME STATEMENT

AGED RECEIVABLE

PAYABLES AGING REPORT

OPERATING ACCOUNT

    BANK STATEMENT

    BANK RECONCILIATION